IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

---

**RICHARD LUTHMANN,**

           Plaintiff,

v.

**DANESH NOSHIRVAN aka DANESH JON NOSHRIVAN aka THAT DANESH GUY aka SCOTUS DOXXER DANESH NOSHIRVAN aka CANCEL CULTURE KILLER DANESH NOSHIRVAN aka #CHEESEDANESH, aka ERICA SABONIS,**

           Defendant.

---

Case No. 2:25-cv-337-JLB

**PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT**

### PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT
(Fed. R. Civ. P. 55(a); Local Rule 1.10(b))

Plaintiff, RICHARD LUTHMANN, pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 1.10(b) of the United States District Court for the Middle District of Florida for entry of a Clerk's Default against Defendant DANESH NOSHIRVAN for failure to plead or otherwise defend in this action.

**I.     BACKGROUND**

1. Plaintiff commenced this action by filing the Complaint on April 23, 2025 (ECF No. 1), asserting claims for defamation per se, libel, prima facie tort, and relief under Florida's anti-SLAPP statute.

2. On April 25, 2025, Defendant was personally served with the Summons and Complaint at a commercial address in Boca Raton, Florida (see ECF No. 4; Return of Service).

1

3. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's answer or responsive pleading was due May 16, 2025. As of the date of this motion, Defendant has not filed an answer, motion to dismiss, or other pleading responsive to the Complaint.

4. On the morning of May 16, 2025, Plaintiff extended a good-faith offer of a stipulated extension of thirty (30) days, on the condition that Defendant waive defenses under Rule 12(b). See the attached **Exhibit "A."** Defendant ignored the offer, refused to communicate, and instead sent an unprofessional reply rejecting any dialogue.

5. That same day, Defendant attempted to file a Motion for Extension of Time (ECF No. 5). However, that filing is a legal nullity and should be disregarded. The motion fails to comply with Local Rule 3.01(g), which requires the movant to certify that a good-faith conference with opposing counsel occurred before filing. Defendant neither conferred with Plaintiff nor included the mandatory certification. As such, the motion is procedurally defective under both the Civil Action Order (ECF No. 3) and Local Rule 3.01(g).

6. On May 17, 2025, Plaintiff made a renewed effort to confer with Defendant in good faith under Local Rule 3.01(g) prior to seeking default. Defendant again failed to respond. See the attached **Exhibit "B."**

7. Later, on May 17, 2025, Plaintiff received an email from noshirvan@yandex.com. Plaintiff replied, again urging the Defendant to accept the good-faith offer of stipulation of time to answer. See the attached **Exhibit "C."** Plaintiff is concerned about the noshirvan@yandex.com email: 1) that is not Danesh Noshirvan, or 2) that

it is Danesh Noshirvan, and is being used as a "false flag" or a "sock-puppet" account to create additionally drama, as Noshirvan has been known to engage in these sort of practices in the past.

8. Defendant has not filed any timely response or valid motion. Accordingly, Defendant has failed to plead or otherwise defend, and the entry of default is appropriate.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend... the clerk must enter the party's default." Entry of default under this rule is procedural and mandatory once the conditions are met. See *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

In addition, Local Rule 1.10(b) requires a party entitled to default to apply for such within 28 days of the opposing party's failure to plead. This motion is timely filed within that period.

## III.   RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff certifies that on May 17, 2025, he made a good faith effort to confer with Defendant prior to filing this Motion. No response was received.

3

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Clerk enter default against Defendant **DANESH NOSHIRVAN** pursuant to Rule 55(a) and Local Rule 1.10(b), and for such other and further relief as may be just and proper.

Dated: May 19, 2025                    Respectfully submitted,

 

**Richard Luthmann**
**Plaintiff, Pro Se**
**4199 Los Altos Court**
**Naples, FL 34109**
**(239) 631-5957**
**richard.luthmann@protonmail.com**

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff certifies that on May 17, 2025, he made a good faith effort to confer with Defendant prior to filing this Motion. No response was received.

 

**Richard Luthmann**
**Plaintiff, Pro Se**

4

## CERTIFICATE OF SERVICE

I hereby certify that on **May 19, 2025**, I served a true and correct copy of the **Motion for Clerk's Default** upon Defendant **Danesh Noshirvan** by electronic mail to the following known and suspected email addresses:

- noshirvan@yandex.com
- daneshnoshirvan@gmail.com
- thatdaneshguy@gmail.com
- daneshnoshirvan@yahoo.com
- dnoshirvan@cox.net

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 19, 2025

*Richard A. Luthmann*

Richard Luthmann
Plaintiff, Pro Se