IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

---------------------------------------------------
**RICHARD LUTHMANN,**

                Plaintiff,

v.

**DANESH NOSHIRVAN aka DANESH JON NOSHRIVAN aka THAT DANESH GUY aka SCOTUS DOXXER DANESH NOSHIRVAN aka CANCEL CULTURE KILLER DANESH NOSHIRVAN aka #CHEESEDANESH, aka ERICA SABONIS,**

                Defendant.
---------------------------------------------------

Case No. 2:25-cv-337-JLB

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (DKT.6)**

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (DKT. 6)
### (Fed. R. Civ. P. 72(a); Local Rule 1.02 and 3.01)

Plaintiff **RICHARD LUTHMANN**, proceeding pro se, respectfully lodges his objections to the May 19, 2025 Endorsed Order (Dkt. 6) issued by Magistrate Judge Nicholas P. Mizell. The Order granted Defendant's motion for an extension of time to respond to the Complaint—a motion which was legally and procedurally defective, filed without jurisdiction, and issued despite the Court lacking consent from Plaintiff to proceed before a Magistrate Judge.

### I.    NO CONSENT TO MAGISTRATE JURISDICTION; ORDER VOID

Plaintiff timely filed a Notice of Non-Consent to Magistrate Jurisdiction and Request for Article III District Judge on May 16, 2025. See the attached **Exhibit "A."**

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), magistrate judges may not issue dispositive or case-controlling orders without the express consent of all parties.

1

Plaintiff's non-consent was absolute and clearly filed in accordance with Local Rule 1.02. As such, Docket Entry 6—entered by the Magistrate Judge without jurisdiction—is a legal nullity and must be vacated.

## II. PLAINTIFF TIMELY FILED OPPOSITION THAT THE MAGISTRATE IGNORED

On May 17, 2025, Plaintiff filed his Opposition to Defendant's Motion for Extension of Time. See the attached **Exhibit "B."** The submission detailed:

- The late and unsupported nature of Defendant's filing;
- Defendant's failure to confer in good faith as required by Local Rule 3.01(g);
- Defendant's repeated refusal to communicate regarding stipulation or scheduling;
- The abuse of process and pattern of delay already documented in related actions.

This Opposition was submitted electronically through the Court's CM/ECF Web Portal system well before the Magistrate Judge issued the Order on May 19, 2025, yet it was not posted to the public docket and not considered in rendering the order.

## III. DEFENDANT'S MOTION WAS A LEGAL NULLITY

Defendant's motion for extension (Dkt. 5), filed at the end of the response deadline, lacked a Local Rule 3.01(g) Certification and admitted to not conferring with Plaintiff. This alone warrants denial under binding Middle District precedent. See *Bodiford v. State Farm Mut. Auto. Ins. Co.*, No. 6:19-cv-70-Orl-28LRH, 2020 WL 1891316, at *1 (M.D. Fla. Apr. 16, 2020).

Local Rule 3.01(g) is not a formality—it is a mandatory procedural prerequisite. As the Eleventh Circuit has repeatedly emphasized: courts should not indulge dilatory litigation. *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004).

### IV.     MAGISTRATE ORDER ENTERED WITHOUT REVIEW OF RECORD

Despite the procedural failings of Dkt. 5 and the presence of Plaintiff's opposition, the Magistrate Judge issued an endorsed text order granting the motion without:

- Referring the matter to the presiding Article III Judge;
- Reviewing or acknowledging Plaintiff's opposition;
- Checking the CM/ECF queue for pending filings.

The Court's Civil Action Order (ECF No. 3) requires meaningful conferral and strict compliance with Local Rules.

The Order in Dkt. 6 violates both the substance and procedural safeguards outlined therein.

### V.     CLERK'S OFFICE FAILURE TO DOCKET PLAINTIFF'S FILINGS

The undersigned confirms that the following filings were submitted via CM/ECF MDFL Web Portal, but do not appear on the Docket Sheet and were not considered by the Magistrate Judge (see the attached **Exhibit "C"**):

- Disclosure Statement (May 16) (see the attached **Exhibit "D"**)
- Notice of Non-Consent to Magistrate Judge (May 16)
- Opposition to Motion for Extension (May 17)
- Motion for Clerk's Default (May 17), (see the attached **Exhibit "E"**)

These materials were uploaded in good faith, compliant in form, and timely. The failure to docket these materials obstructed the Court's ability to review Plaintiff's arguments, and severely prejudiced Plaintiff. The Clerk should be directed to promptly docket all submissions and ensure pro se litigants receive equal procedural treatment.

### VI.    WRONG ADDRESS OF PLAINTIFF

The Clerk still maintains the wrong address of the Plaintiff. The Clerk maintains the address of 338 Sugar Pine Lane, Naples, Florida 34108 on the Docket Sheet.

The Plaintiff's address on the Complaint (Dkt.1) and all subsequent documents is and remains 4199 Los Altos Court, Naples, FL 34109.

Plaintiff asks the Clerk to correct this error and the Court to so order the same.

### VII.    REQUEST FOR RELIEF

Accordingly, Plaintiff respectfully requests that the Article III District Judge:

1. VACATE the Magistrate's Order (Dkt. 6) as entered without jurisdiction and in violation of Rule 72(a);

2. DENY Defendant's Motion for Extension of Time (Dkt. 5) as a legal nullity;

3. DIRECT the Clerk to docket all submissions from May 16–19, 2025, including Plaintiff's opposition and notices;

4. ORDER the Clerk to issue the requested default against Defendant pursuant to Fed. R. Civ. P. 55(a) and Local Rule 1.10(b);

5. ORDER the Clerk to update Plaintiff's address;

6. ADMONISH the Clerk to maintain timely docketing and processing of electronic submissions, especially those by pro se litigants; and

7. .GRANT such other and further relief as the Court deems just.

Dated: May 20, 2025                                   Respectfully submitted,

*[signature: Richard A. Luthmann]*

**Richard Luthmann**
**Plaintiff, Pro Se**
**4199 Los Altos Court**
**Naples, FL 34109**
**(239) 631-5957**
**richard.luthmann@protonmail.com**

### Local Rule 3.01(g) Certification

I certify that these are OBJECTIONS under Rule 72 and not a MOTION:

(A) The objector is not a "movant" and has no duty to meet and confer with the opposing party prior to filing.

(B) The parties have not agreed on the resolution of all or part of the objections, and

(C) The objections are assumed to be opposed, and no conference was required under the plain language of Rule 3.01(g).

Dated: May 20, 2025                                   Respectfully submitted,

*[signature: Richard A. Luthmann]*

Richard Luthmann
Plaintiff, Pro Se

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I served a true and correct copy of the Motion for Clerk's Default upon Defendant Danesh Noshirvan by:

1. Submission through the Middle District of Florida Pro Se Electronic Filing Portal, and

2. Electronic mail to the following known and suspected email addresses:

    - noshirvan@yandex.com
    - daneshnoshirvan@gmail.com
    - thatdaneshguy@gmail.com
    - daneshnoshirvan@yahoo.com
    - dnoshirvan@cox.net

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 20, 2025

Richard Luthmann
Plaintiff, Pro Se