**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

---

**RICHARD LUTHMANN,**

               Plaintiff,

v.

**DANESH NOSHIRVAN aka DANESH JON NOSHRIVAN aka THAT DANESH GUY aka SCOTUS DOXXER DANESH NOSHIRVAN aka CANCEL CULTURE KILLER DANESH NOSHIRVAN aka #CHEESEDANESH, aka ERICA SABONIS,**

               Defendant.

Case No. 2:25-cv-337-JLB

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Plaintiff, Richard Luthmann, respectfully submits this Opposition to Defendant Danesh Noshirvan's Second Motion for Extension of Time (ECF No. 8). Defendant's motion fails both procedurally and substantively under the governing law of the Eleventh Circuit and should be denied in its entirety.

**I.   PLAINTIFF HAS NOT CONSENTED TO MAGISTRATE JURISDICTION**

At the outset, Plaintiff reiterates his formal non-consent to the jurisdiction of any magistrate judge for final determination of dispositive matters. Under 28 U.S.C. § 636(c)(1), consent to magistrate jurisdiction must be explicit and voluntary. Plaintiff has previously invoked his right to have all dispositive matters resolved by an Article III judge.

1

Therefore, to the extent this Motion seeks dispositive relief or materially alters scheduling, it must be decided by the District Judge.

## II.     DEFENDANT'S MISCONDUCT UNDERCUTS HIS CLAIMS OF NEEDING MORE TIME

Mr. Noshirvan claims he cannot retain counsel "due to reputational risks" and the "complexity" of this case. But it is his own misconduct—including doxxing U.S. Supreme Court Justices, targeting private citizens, and inciting harassment campaigns—that makes him unrepresentable at the rates he is "willing to pay."

As outlined in the Verified Complaint (ECF No. 1), Noshirvan is credibly accused of:

- Disseminating the home addresses of U.S. Supreme Court Justices after *Dobbs* was decided, inciting dangerous protests.

- Harassing Duane Morris LLP partner Julian Jackson Fannin, leading to alleged death threats.

- Engaging in coordinated defamation and AI-driven harassment, including conduct that contributed to the suicide of Aaron De La Torre.

- Attacking over 600 identified individuals in "cancel culture" campaigns for profit and political gain.

This Court should not reward a party who cannot obtain representation because of his own abusive, unethical, and violent online conduct. Noshirvan's difficulty in retaining counsel is self-inflicted. It is not "good cause."

**III.     THIS CASE INVOLVES SEPARATE, INDEPENDENT TORTS—NO EXTENSION IS JUSTIFIED**

Noshirvan misleadingly argues that this case is "closely tied to an ongoing related federal case." It is not. This action arises out of intentional torts—libel per se, prima facie tort, and Anti-SLAPP violations—that are wholly independent from *Noshirvan v. Couture et al.*, Case No. 2:23-cv-01218 (M.D. Fla.).

There is no overlap in parties, no identity of causes of action, and no legal interdependence. The Eleventh Circuit holds that "parallel proceedings" do not excuse a party from its separate obligations in a case. See *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1329 (11th Cir. 2004) (parallel cases must be "substantially the same" and "duplicative," which this case is not).

**IV.     DEFENDANT FAILED TO CONFER UNDER LOCAL RULE 3.01(g)—AGAIN**

This is Defendant's **second** motion that violates Local Rule 3.01(g). He failed to meaningfully confer and instead declared unilaterally that "conferral is inappropriate." Courts in this District routinely deny motions on this ground alone. See *Swaney v. Regions Bank*, No. 2:13-cv-534-FtM-38CM, 2014 WL 3012693 (M.D. Fla.); *Desai v. Tire Kingdom, Inc.*, No. 8:14-cv-3062-T-36AEP (M.D. Fla. Jan. 7, 2025).

**V.     DEFENDANT WAS ALREADY GIVEN A FULL 30-DAY EXTENSION—WITH CONDITIONS HE IGNORED**

Plaintiff offered Defendant a **full 30-day extension** via written stipulation (Ex. A) on May 16, 2025. The offer required that Defendant answer the Complaint and waive Rule

12(b) defenses. Rather than accept, Noshirvan responded with hostility and false claims that Plaintiff's emails "go straight to spam." This reflects not just bad faith but an intentional refusal to follow the Professionalism Expectations and Guidelines issued by the Florida Bar and adopted in the Court's Civil Action Order.

On June 17, 2025, Plaintiff again offered another **30-day extension** via written stipulation (Ex. B) on the same terms as outlined above.

Defendant Noshirvan has not responded.

### VI.  THE MOTION IS MADE IN BAD FAITH AND FOR DELAY

Noshirvan's history of litigation gamesmanship—including inflammatory public statements, refusal to engage professionally, and repeated violations of court orders—shows a pattern of obstruction. Under Rule 1 of the Federal Rules of Civil Procedure, the Court must secure "the just, speedy, and inexpensive determination of every action." Extensions granted without merit serve only to reward Noshirvan's misconduct.

### CONCLUSION

Defendant has had ample time and notice to respond. His excuses are unsupported by law, belied by his own misconduct, and made in violation of the Court's Local Rules. He should not be allowed to delay proceedings in a case where he faces serious allegations of defamation and digital abuse.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. **Deny** Defendant's Second Motion for Extension of Time;
2. **Order** Defendant to file his Answer or responsive pleading within **three (3) days**;

3. **Warn** Defendant that further delays will result in sanctions under Fed. R. Civ. P. 16(f) and 11; and

4. **Refer** Defendant's bad faith conduct to the appropriate judicial officers for further review.

5. **Grant** such other and further relief as the Court shall deem proper.

Dated: June 17, 2025                                    Respectfully submitted,

*[signature]*

Richard Luthmann
Plaintiff, Pro Se
4199 Los Altos Court
Naples, FL 34109
(239) 631-5957
richard.luthmann@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2025, I served a true and correct copy of the foregoing Plaintiff's Opposition to Defendant's Second Motion for Extension of Time to Respond to Complaint on Defendant Danesh Noshirvan by the following methods:

1. Email Service pursuant to Local Rule 1.10(c) and the Civil Action Order:
   To: thatdaneshguy@gmail.com
2. U.S. Mail, First Class, Postage Prepaid addressed to:
   Danesh Noshirvan
   2411 Charleston Road
   Mansfield, PA 16933

                                                        Respectfully submitted,

*[signature]*

Richard Luthmann, Plaintiff Pro Se
4199 Los Altos Court
Naples, FL 34109
richard.luthmann@protonmail.com
(239) 631-5957

5

# EXHIBIT A

LUTHMANN EXT 2 OPP 0001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

---

**RICHARD LUTHMANN,**

                Plaintiff,

v.

**DANESH NOSHIRVAN aka DANESH JON NOSHRIVAN aka THAT DANESH GUY aka SCOTUS DOXXER DANESH NOSHIRVAN aka CANCEL CULTURE KILLER DANESH NOSHIRVAN aka #CHEESEDANESH, aka ERICA SABONIS,**

                Defendant.

---

Case No. 2:25-cv-337-JLB-NPM

**STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

### STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND WAIVER OF RULE 12(b) DEFENSES

Plaintiff Richard Luthmann and Defendant Danesh Noshirvan (collectively, the "Parties"), by and through the undersigned, hereby stipulate and agree as follows:

1. Defendant shall have an extension of thirty (30) days, up to and including June 15, 2025, to serve and file a responsive pleading to Plaintiff's Complaint.

2. In consideration of said extension, Defendant hereby expressly waives all defenses available under Federal Rule of Civil Procedure 12(b), including but not limited to lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

3. Defendant shall respond to the Complaint by Answer and not by motion under Rule 12(b).

1

2

4. This stipulation does not constitute an admission of liability or a waiver of any other defenses available to the Defendant.

Dated: May 16, 2025

*[signature: Richard A. Luthmann]*

---

**Richard Luthmann**
**Plaintiff, Pro Se**
**4199 Los Altos Court**
**Naples, FL 34109**
**(239) 631-5957**
**richard.luthmann@protonmail.com**

---

**Danesh Noshirvan**
**Defendant, Pro Se**
**2411 Charleston Rd**
**Mansfield, PA 16933-8857**
**(714) 293-9800**
**thatdaneshguy@gmail.com**

# EXHIBIT B

LUTHMANN EXT 2 OPP 0004

## Re: Service of Filed Motion – 2:25-cv-00337-JLB-NPM

| | |
|---|---|
| From | Richard A Luthmann <richard.luthmann@protonmail.com> |
| To | Danesh<daneshnoshirvan@gmail.com> |
| Date | Tuesday, June 17th, 2025 at 4:23 PM |

Mr. Noshirvan,

Please see the attached as an offer to resolve the issue of your default in the above-referenced matter.

Please note that you have not attempted a good-faith meet and confer in accordance with the Middle District of Florida's Local Rule 3.01(g).

Please note that if I do not hear from you immediately, I will be filing opposition to your motion for an additional extension of time made in bad faith.

Regards,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**LINKTREE**
**Muck Rack Profile**
**Substack:** **This is For Real.**
**Editor-In-Chief:** **FLGulf.news**
**Editor-In-Chief:** **NYNewsPress.com**
**Editor-In-Chief:** **TheFamilyCourtCircus.com**
**Contributor:** **Frank Report**
**Contributor:** **Sun Bay Paper**
**Follow Me on** **Facebook** **X** **Instagram** **LinkedIn** **TRUTH** **Rumble**

Sent with Proton Mail secure email.

On Monday, June 16th, 2025 at 4:28 PM, Danesh <daneshnoshirvan@gmail.com> wrote:

> Hi Richard,
> Attached is a copy of the motion I filed today in Case No. 2:25-cv-00337-JLB-NPM.
>
> Danesh

179.69 KB    1 file attached

LUTHMANN EXT 2 OPP 0005

LUTHMANN EXT 2 OPP 0006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

---

| | |
|---|---|
| **RICHARD LUTHMANN,** | Case No. 2:25-cv-337-JLB-NPM |
| Plaintiff, | **STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** |
| v. | |
| **DANESH NOSHIRVAN aka DANESH JON NOSHRIVAN aka THAT DANESH GUY aka SCOTUS DOXXER DANESH NOSHIRVAN aka CANCEL CULTURE KILLER DANESH NOSHIRVAN aka #CHEESEDANESH, aka ERICA SABONIS,** | |
| Defendant. | |

---

### STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND WAIVER OF RULE 12(b) DEFENSES

Plaintiff Richard Luthmann and Defendant Danesh Noshirvan (collectively, the "Parties"), by and through the undersigned, hereby stipulate and agree as follows:

1. Defendant shall have an extension of thirty (30) days, up to and including July 17, 2025, to serve and file a responsive pleading to Plaintiff's Complaint.

2. In consideration of said extension, Defendant hereby expressly waives all defenses available under Federal Rule of Civil Procedure 12(b), including but not limited to lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

3. Defendant shall respond to the Complaint by Answer and not by motion under Rule 12(b).

2

4. This stipulation does not constitute an admission of liability or a waiver of any other defenses available to the Defendant.

Dated: June 17, 2025

*[signature: Richard A. Luthmann]*

_____

**Richard Luthmann**
**Plaintiff, Pro Se**
**4199 Los Altos Court**
**Naples, FL 34109**
**(239) 631-5957**
**richard.luthmann@protonmail.com**

_____

**Danesh Noshirvan**
**Defendant, Pro Se**
**2411 Charleston Rd**
**Mansfield, PA 16933-8857**
**(714) 293-9800**
**thatdaneshguy@gmail.com**

LUTHMANN EXT 2 OPP 0008