UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LUTHMANN,

        Plaintiff,

v.     Case no. 2:25-cv-00337-JLB-NPM

DANESH NOSHIRVAN,

        Defendant.
_____/

## ORDER

This cause comes before the Court upon *pro se* Plaintiff Richard Luthmann's Objections to Magistrate Judge's Order. (Doc. 12). When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside" the order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). After review, the Court **DENIES** Plaintiff's Objections.

On May 16, 2025, Defendant Danesh Noshirvan moved for a thirty-day extension of time to respond to Plaintiff's Complaint to allow Defendant time to find legal counsel. (Doc. 5). The original deadline to respond was May 16, 2025. The Magistrate Judge granted the extension on May 19, 2025. (Doc. 6). On May 17, 2025, Plaintiff responded in opposition to the Motion for Extension of Time, but it was not docketed until May 20, 2025.[1] (*See* Doc. 9).

---

[1] Plaintiff contends that some filings submitted to the Court do not appear on the case docket. (Doc. 12 at 3). After careful review, all items have been either docketed or stricken by the Clerk of Court. Plaintiff's Disclosure Statement was docketed and stricken by the Court's Order (Doc. 20) for using an incorrect form. Plaintiff's Notice of Non-Consent to Magistrate Jurisdiction is docketed (*see* Doc. 8), as is his Response in Opposition to

Now, Plaintiff makes several objections to the granting of an extension of time to respond. (Doc. 12). First, Plaintiff argues that the Order granting the extension is void because Magistrate Judges cannot rule on dispositive or case-controlling orders without party consent. (*See* Doc. 12 at 1–2). However, "a motion to extend time . . . is a non-dispositive pretrial motion that a magistrate judge may decide." *Abdullah v. Blaquiere*, 809 F. App'x 733, 735 (11th Cir. 2020); Fed. R. Civ. P. 72(a) (allowing magistrate judges to rule on non-dispositive pretrial matters). Thus, the Magistrate Judge has the authority to grant Defendant's extension of time.

Next, Plaintiff argues that the Magistrate Judge did not consider his opposition to the Motion for Extension of Time. (*See* Doc. 12 at 2). The Magistrate Judge had no such obligation. Indeed, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . *with or without motion.*" Fed. R. Civ. P. 6(b) (emphasis added); *see e.g.*, *Mashburn v. Berryhill*, No. 3:17-CV-1202-J-32JBT, 2018 WL 3496091, at *1 (M.D. Fla. July 20, 2018) (sua sponte granting an extension of time to file a petition); *Rodriguez v. Inch*, No. 18-63134-CV, 2019 WL 8884618, at *1 (S.D. Fla. Apr. 9, 2019) (sua sponte granting an extension of time to file an amended petition).

Last, Plaintiff argues that Defendant's Motion for Extension of Time is a "legal nullity" because Defendant did not comply with the Middle District of Florida's Local Rule 3.01(g) certification requirement or duty to confer in good faith

---

Defendant's Motion for Extension of Time (Doc. 9), and his Motion for Clerk's Entry of Default (Doc. 10).

with the opposing party before filing a motion. (Doc. 12 at 2) (citing Doc. 5). However, this argument overlooks that "a judge can temporarily modify or suspend the application of any rule[.]" M.D. Fla. Loc. R. 1.01(b).

Accordingly, Plaintiff's Objections to the Magistrate Judge's Order (Doc. 12) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on July 9, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE