**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

-------------------------------------------------------

**RICHARD LUTHMANN,**

                          Plaintiff,

     v.

**DANESH NOSHIRVAN aka DANESH**
**JON NOSHRIVAN aka THAT DANESH**
**GUY aka SCOTUS DOXXER DANESH**
**NOSHIRVAN aka CANCEL CULTURE**
**KILLER DANESH NOSHIRVAN aka**
**#CHEESEDANESH, aka ERICA**
**SABONIS,**

                       Defendant.

-------------------------------------------------------

Case No. 2:25-cv-337-JLB

**PLAINTIFF'S MOTION TO**
**STRIKE CIVIL ACTION**
**ORDER (ECF #3)**

## PLAINTIFF'S TO STRIKE CIVIL ACTION ORDER (ECF #3) AS UNCONSTITUTIONAL-AS-APPLIED

Pursuant to Federal Rules of Civil Procedure 12(f), 83(b), and 5(d), and Local Rules 1.01(b), 1.04(a), and 3.01, Plaintiff RICHARD LUTHMANN, proceeding pro se, respectfully moves this Honorable Court to strike the "Civil Action Order" entered at ECF No. 3 as unconstitutional as applied. In support thereof, Plaintiff states:

## INTRODUCTION

The Civil Action Order (ECF No. 3), as applied to this case, is unconstitutional and unenforceable against Plaintiff and Defendant, both of whom are members of the press, content creators, and private individuals exercising their First Amendment rights. It improperly compels adherence to bar-admission-based professional conduct codes, thereby violating the rights of non-lawyers by conditioning access to judicial remedies on speech, viewpoint conformity, and conduct unrelated to court access or due process.

1

Absent a statutory basis or constitutional limitation, district courts cannot impose obligations inconsistent with the rights of pro se litigants. See *Faretta v. California*, 422 U.S. 806, 834 (1975); *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

## LEGAL STANDARD

Rule 12(f) allows a party to move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Local Rule 1.01(b), all standing administrative orders must comply with the Federal Rules of Civil Procedure and the Constitution.

A district court's local rules or administrative orders may not conflict with the Constitution, federal statutes, or binding precedent. See *Colgrove v. Battin*, 413 U.S. 149, 161 (1973); *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) (local orders subordinate to due process); *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1530 (11th Cir. 1994).

## ARGUMENT

### I.    The Civil Action Order Imposes Unconstitutional Viewpoint Discrimination

The Professionalism Expectations and Guidelines for Professional Conduct incorporated into ECF No. 3 originate from The Florida Bar and apply only to licensed attorneys. See Fla. Bar Prof'l Expectations (2019); *In re Snyder*, 472 U.S. 634, 644–45 (1985). Plaintiff is not a licensed attorney and cannot be compelled to adhere to norms of civility, decorum, or loyalty adopted by and for the legal guild.

Imposing these standards on Plaintiff as a **precondition to accessing judicial remedies** violates the First Amendment by chilling protected expression and compelling allegiance to values he has not assented to. See *West Virginia Bd. of Educ. v. Barnette*, 319

U.S. 624, 642 (1943) (government cannot compel affirmations of belief); *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 547–48 (2001) (viewpoint-based funding restrictions violate the First Amendment).

Compelling Plaintiff—a journalist and whistleblower—to comply with state bar-created professional norms such as "respect for the judiciary," "civility," or "non-disparagement," as codified in ECF No. 3 and Exhibits thereto, violates the prohibition against compelled speech. See *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828 (1995).

## II.        Pro Se Litigants Are Not Bound by Professional Codes of Conduct

Federal courts must afford liberal construction to the filings and procedural rights of pro se parties. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Plaintiff cannot be held to the standards of licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The Civil Action Order fails to distinguish between licensed attorneys and pro se litigants. It unconstitutionally demands that Plaintiff adhere to codes of conduct established for attorneys, such as those articulated in the Professionalism Guidelines (see Ex. A to ECF No. 3), despite his non-lawyer status and repeated invocation of pro se rights.

## III.       The Civil Action Order Lacks a Savings Clause and Is Unconstitutional as a Whole

The Order contains no severability or savings clause. Thus, if any provision is unconstitutional as applied, the entire Order must be stricken. See *United States v. Jackson*, 390 U.S. 570, 585 n.27 (1968); *Sessions v. Morales-Santana*, 582 U.S. 47, 58–60 (2017). Its application against non-lawyers exercising press rights violates the First Amendment and Due Process Clause of the Fifth Amendment.

**IV.    The Order Has Been Used Prejudicially in ECF No. 31 and Must Be Stricken Nunc Pro Tunc**

Magistrate Judge Mizell's Endorsed Order (ECF No. 31) striking Plaintiff's Amended Complaint (ECF No. 27) cites formatting requirements contained in the Civil Action Order. These formatting mandates apply only to CM/ECF users—attorneys—not to pro se litigants. Plaintiff is not a CM/ECF user and has no access to "metadata fields" cited in ECF No. 31.

Thus, the adverse action taken under the unconstitutional Civil Action Order must be stricken. *See United States v. Throckmorton*, 98 U.S. 61, 65 (1878) (a judgment based on false premises must fall); *United States v. Jones*, 336 F.3d 245, 260 (3d Cir. 2003) (orders based on legally erroneous premises may be vacated).

**MEET AND CONFER CERTIFICATION**

Pursuant to Local Rule 3.01(g), Plaintiff attempted to confer with Defendant Noshirvan on May 2, 2025, and on multiple occasions thereafter. Defendant has failed to respond or engage in any substantive discussion. Meet and confer has proven futile.

One would assume that Noshirvan, as a content creator who makes his living by virtue of free speech and a free press, would embrace an expansive view of the First Amendment in this application. But with Delusional Danesh's track record (including his Doxxing of SCOTUS Justices as discussed in the First Amended Complaint (ECF #27) improperly stricken by Magistrate Mizell), one never knows.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. **STRIKE** ECF No. 3, the Civil Action Order, as unconstitutional as-applied to Plaintiff and similarly situated pro se parties;

2. **STRIKE** Magistrate Judge Mizell's Order at ECF No. 31 as void *ab initio* and entered upon an unconstitutional premise;

3. **RESTORE** Plaintiff's Amended Complaint (ECF No. 27) *nunc pro tunc*;

4. **DECLARE** that pro se litigants are not bound by the Florida Bar's Professionalism Guidelines, Expectations, CM/ECF-specific attorney technical mandates, or other strictures enumerated in the unconstitutional Civil Action Order;

5. **ISSUE** any other and further relief as the Court deems just and proper.

Dated: July 11, 2025                          Respectfully submitted,

**Richard Luthmann**
**Plaintiff, Pro Se**
**4199 Los Altos Court**
**Naples, FL 34109**
**(239) 631-5957**
**richard.luthmann@protonmail.com**

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff certifies that on May 2, 2025, and thereafter, he made a good faith effort to confer with Defendant prior to filing this Motion. No response was received.

**Richard Luthmann**
**Plaintiff, Pro Se**

5

## CERTIFICATE OF SERVICE

I hereby certify that on **July 11, 2025**, I served a true and correct copy of the enclosed upon Defendant **Danesh Noshirvan** by electronic mail to the following known and suspected email addresses:

- noshirvan@yandex.com
- daneshnoshirvan@gmail.com
- thatdaneshguy@gmail.com
- daneshnoshirvan@yahoo.com
- dnoshirvan@cox.net

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 11, 2025

Richard Luthmann
Plaintiff, Pro Se