UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**RICHARD LUTHMANN**,

    Plaintiff,

v.                                      2:25-cv-337-JLB-NPM

**DANESH NOSHIRVAN**,

    Defendant.

---

**ORDER**

In a paper entitled "Conflict with Magistrate Judge Jurisdiction" (Doc. 22), Plaintiff Richard Luthman, among other things, asks us to "vacate all prior dispositive orders by the Magistrate Judge," including an order (Doc. 6) granting defendant Danesh Noshirvan an extension of time to respond to the complaint. But as the Magistrate Judge assigned to this matter, I have not entered any "dispositive" orders. While Civil Rule 72—which delineates the process for objecting to a magistrate judge's actions—speaks in terms of "dispositive" and "nondispositive" matters, those terms—in this context—refer to the two categories of pretrial actions discussed in the Federal Magistrates Act, 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *see also Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in

Rule 72 do not create categories separate from the statute which Rule 72 implements.").

Subsection (b)(1)(A) of the Act provides that a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." These eight exceptions—and only these eight exceptions—are the "dispositive" motions addressed by subsection (b)(1)(B) of the Act and Civil Rule 72(b). *See Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'"). And from a motion for injunctive relief to a motion for an involuntary dismissal, and the six other motions listed in between, no Rule 72(b) dispositive motion has been filed, let alone adjudicated, in this case.

Luthman also asks us to ensure that no magistrate judge will issue a 28 U.S.C. § 636(b)(1)(B) and Civil Rule 72(b) dispositive order without the consent of the parties. But issuing such an order without consent is not the practice of this court, and so this request is moot. Without the parties' consent under § 636(c), a magistrate judge would address any such motion by issuing a report and recommendation as provided by § 636(b)(1)(B). A district judge would then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In that way, dispositive matters—absent consent—are ultimately resolved "by the Article III District Judge." (Doc. 22 at 4).

Notably, the disposition of any issue by a magistrate judge may be reviewed by a district judge. *See* 28 U.S.C. § 636(b)(1). So, at bottom, the distinction between dispositive and nondispositive matters concerns the standard of review. An objection to a recommended disposition is entitled to de novo review, while an objection to a nondispositive order is entitled to review for clear error. *See* 28 U.S.C. § 636(b)(1). Of course, the district judge remains free to reject a magistrate judge's order or recommendation for any reason and even in the absence of any objection. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).

Finally, it is well within a magistrate judge's authority to resolve motions for extensions of time and any other pretrial motions other than the eight excepted motions listed in subsection (b)(1)(A) of the Act. *See* Local Rule 1.02(a); In re:

Administrative Orders of the Chief Judge, No. 3:21-mc-1-TJC (M.D. Fla. October 30, 2024). Consequently, to the extent that Luthman's paper (Doc. 22) is a motion, it is **DENIED in part** and **DENIED AS MOOT in part**.

**ORDERED** on July 15, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge