# RESPONSE TO SHOW CAUSE ORDER DATED JULY 18, 2025

Case No: 2:25-cv-00337-JLB-NPM

In the United States District Court

For the Middle District of Florida

Fort Myers Division

My name is Danesh Noshirvan, and I am representing myself in this case. I respectfully submit this response to the Court's Show Cause Order dated July 18, 2025.

On June 17, 2025, I received an email notice about a Rule 16(b) scheduling conference set for July 17, 2025. While I did receive the notice, I mistakenly forgot to add the hearing to my calendar. If I had, I would've seen it conflicted with a family vacation that had been planned well before this lawsuit was filed.

I did not realize I had missed the hearing until I saw people on social media talking about it. As soon as I saw that, I began working on this response to explain what happened.

Missing the hearing was never intentional. It was a genuine mistake, and I'm asking the Court to understand that this was a simple human error, not any kind of disregard for the Court or its procedures.

The courts have held that forgetting a calendar date can count as 'excusable neglect'—especially when it doesn't harm the other party and the person missing the date is otherwise actively involved in the case.

I've done everything I can to follow deadlines and be responsive in this case. I'm not asking for special treatment—just fairness. A default judgment or sanction over a clerical mistake would be excessive and, in my view, not in line with the interest of justice.

In addition, I've filed a motion to dismiss this case because I believe this Court does not have personal or subject matter jurisdiction over me. That motion is still relevant and should be considered before any further action is taken. This Court its own accord, must inquire into jurisdiction. *See De La Sancha v. Taco Bell of Am., Inc.*, 08-81325-CIV, 2008 WL 5111331, at *1 (S.D. Fla. Dec. 4, 2008)(citing *Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir.1995); *E.R. Squibb & Sons*, 160 F.3d at 929 (2d Cir. 1998) (citing *Healy v. Ratta*, 292 U.S. 263 (1934)). *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

Federal courts have limited jurisdiction, and it's well established that if a court lacks it, it must dismiss the case. That's not just a technical issue—it's a fundamental rule. Until that motion is addressed, I believe it would be wrong to impose sanctions or default against me.

Finally, to issue a default judgment, the law generally requires that the person

acted in bad faith or willfully ignored a court order. See *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). That clearly didn't happen here. I forgot to write something down. That's all.

For all these reasons, I respectfully ask the Court not to enter a default or impose sanctions. I also ask for a bit of extra time to comply with the Court's Order moving forward.

Dated: July 28, 2025

Respectfully submitted,
Danesh Noshirvan

2411 Charleston Rd.

Mansfield, Pennsylvania 16933

daneshnoshirvan@gmail.com

## CERTIFICATE OF SERVICE

I certify that on July 28, 2025, I filed this document through my pro se PACER account, which notifies the other party electronically.

Richard A. Luthmann

Pro se

338 Sugar Pine Lane

Naples, Florida 34108

richard.luthmann@protonmail.com

/s/ Danesh Noshirvan
