## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RICHARD A. LUTHMANN
an individual,

        Plaintiff,

vs.

DANESH NOSHIRVAN,

        Defendant(s).

_____/

CASE NO:
2:25-cv-00337-JLB-NPM

Hon.  John L. Badalamenti

## DEFENDANT, DANESH NOSHIRVAN'S UNOPPOSED MOTION TO CONTINUE OR MODIFY HEARING DATE DUE TO ATTORNEY SCHEDULING CONFLICT

Defendant, Danesh Noshirvan ("**Noshirvan**"), respectfully moves this Court to continue or modify the currently scheduled hearing date, and in support states:

### I.      BACKGROUND

1. A hearing in this matter is presently set for August 27, 2025 at 1:30 p.m. before the Honorable Magistrate Judge Nicholas P. Mizell

2. The undersigned filed a Notice of appearance in this case on August 11, 2025. However, undersigned counsel for Noshirvan has a preexisting, unavoidable professional obligation on that date, specifically the undersigned is

required to appear for calendar call in Palm Beach County on the morning of August 27, 2025.

    3.  The undersigned is concerned that by appearing for calendar call in Palm Beach County, he will not have enough time to drive to Fort Myers for an afternoon in-person hearing.

    4.  This conflict arose prior to undersigned filing of a Notice of Appearance in this case. However, Noshirvan was unable to find other counsel, which necessitated the undersigned's appearance.

    5.  The undersigned's prior commitment, i.e., calendar call cannot be rescheduled without prejudice to another client's interests.

    6.  Upon identifying this conflict, counsel promptly prepared this motion to request a reasonable modification to the hearing schedule.

## II. LEGAL STANDARD

    7.  District courts have broad discretion to manage their dockets, including continuing hearings for good cause shown. See Fed. R. Civ. P. 6(b)(1) (permitting extensions for good cause) and Fed. R. Civ. P. 16(b)(4) (allowing schedule modification for good cause with the judge's consent).

    8.  The Federal Rules of Civil Procedure allow this Court to "extend the time" an act must be done "for good cause." Fed. R. Civ. P. 6(b)(1). "Good cause

is a well-established legal phrase that generally signifies a sound basis or legitimate need to take judicial action." *Leslie v. Experian Info. Sols., Inc.*, No. 1:23-CV-00330-ELR-JEM, 2023 WL 7492198, at *3 (N.D. Ga. Sept. 21, 2023). It is not a strict standard. It is meant to accommodate the bevy of circumstances that might necessitate more time. *See, e.g., Gillio v. US Bank NA*, No. 612CV1548ORL36TBS, 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013) ("The Court routinely grants extensions when they are sought in good faith; do not prejudice a party; are not likely to create future case management problems; the Court will still have sufficient time to decide dispositive motions; and the extension will not impact the trial date."). Good cause can be met if party seeking the extension is diligent. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)(addressing Rule 16(b)).

### III. GOOD CAUSE EXISTS FOR THE REQUESTED RELIEF

9.      The scheduling conflict is genuine and unavoidable; it does not arise from dilatory conduct.

10.      Granting this motion will not cause undue delay or prejudice to the parties, as Plaintiff, Richard Luthmann does not oppose the request and is willing to reschedule to an alternate date that is convenient for the parties, counsel, and the Court.

11.      A brief continuance will serve the interests of justice by ensuring full and fair participation by Noshirvan's counsel.

## IV. REQUESTED RELIEF

12.     Noshirvan respectfully requests that the Court continue or reset the hearing to a date convenient for the Court in the second or third week of September; and grant such other relief as the Court deems just and proper.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g) for M.D. Fla., undersigned counsel certifies that he has conferred with Richard A. Luthmann regarding the relief requested in this motion. Mr. Luthmann does not oppose this motion but requested that the hearing occur within 30-day of August 27, 2025.

Respectfully submitted,

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:     (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to:

Richard A. Luthmann
Pro se
338 Sugar Pine Lane
Naples, Florida 34108
(239) 631-5957
richard.luthmann@protonmail.com

_/s/ Nicholas A. Chiappetta_
Nicholas A. Chiappetta