IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

------------------------------------------------------

RICHARD LUTHMANN,                        Case No. 2:25-cv-337-KCD-NPM

                        Plaintiff,         **PLAINTIFF'S MOTION TO**
        v.                                 **LIFT STAY AND AVOID**
                                           **PREJUDICE**
DANESH NOSHIRVAN,

                        Defendant.

------------------------------------------------------

## PLAINTIFF'S MOTION TO LIFT STAY AND AVOID PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Richard Luthmann ("Plaintiff") (aka Richard A. Luthmann, Jr.), proceeding pro se, moves to lift the stay and resume proceedings, including discovery, in this action. The continued stay is now causing severe prejudice in preserving evidence—especially electronically stored information ("ESI") held by third parties—while the case remains frozen. The predicate circumstance for continued delay has materially changed: the related *Noshirvan v. Couture* trial that the stay was intended to await has been continued, and is now scheduled to begin November 30, 2026. (Luthmann Decl. ¶¶ 5–7; Ex. A).

Because an indefinite or "immoderate" stay is improper under binding Eleventh Circuit authority, Plaintiff respectfully requests that the Court lift the stay in full and restore this matter to an active case-management schedule. In the alternative, Plaintiff requests that the Court modify the stay to allow narrowly tailored preservation discovery, including Rule 45 subpoenas directed to third parties, to prevent spoliation.

1

## Background

This case arises primarily from an alleged multi-platform defamation and harassment campaign directed at Plaintiff, including defamatory accusations that are actionable as defamation per se, and conduct alleged to be outrageous and intentionally harmful so as to support a claim for intentional infliction of emotional distress ("IIED"). (Am. Compl., Doc. 53).

On September 18, 2025, the Court entered an endorsed order granting a joint stipulation requesting a temporary stay and directed the Clerk to "STAY this matter and place a STAY FLAG on this case." (Doc. 88). The docket reflects that the Court contemporaneously marked the case as "Stayed." (Doc. 88; docket text entry). The stay order, as entered, contemplated that it would be lifted if settlement impassed. (Doc. 88).

The stay has continued in a posture that is now materially prejudicial to Plaintiff. As detailed in Plaintiff's Declaration (Luthmann Decl. Ex. B), Plaintiff's evidence is primarily digital, much of it held by third-party platforms and intermediaries not presently subject to any preservation process in this case. Plaintiff has also identified discrete third-party targets for narrowly tailored subpoenas to preserve ESI and authenticate publication, republication, and coordination. (Luthmann Decl. ¶¶ 8–11; Ex. B).
Separately, this stay has been maintained, at least in material part, based on the Court's expectation that the related proceeding *Noshirvan v. Couture* would proceed to trial in March 2026, such that this case could efficiently proceed thereafter. That predicate schedule no longer exists. The Court in *Noshirvan v. Couture* has now indicated it will issue notice setting the trial to begin November 30, 2026. (Luthmann Decl. ¶¶ 8-11; Ex. A).

2

## Legal standard

"A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits." *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936). In exercising discretion over stays, courts must "weigh competing interests and maintain an even balance." *Id.* at 254–55.

In the Eleventh Circuit, a stay pending other proceedings must not be "immoderate." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264–65 (11th Cir. 2000). In determining whether a stay is "immoderate," the court examines both "the scope of the stay (including its potential duration) and the reasons cited" for it. *Id.* (citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). A stay that continues for an indefinite period, especially where related proceedings have no near-term endpoint, is improper. *See, e.g., Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1524 (11th Cir. 1984).

## Argument

### The stay has become immoderate because its expected endpoint has moved materially and now imposes an open-ended delay

When the stay is tethered to the anticipated resolution of separate proceedings, the Court must reassess the stay when that anticipated timeline materially shifts. Here, the trial date the stay was intended to await has now been continued to late 2026. (Luthmann Decl. ¶¶ 5-7; Ex. A). Continuing the stay in its present posture therefore creates precisely the kind of "immoderate" and effectively indefinite delay that the Eleventh Circuit has repeatedly vacated. *Ortega Trujillo*, 221 F.3d at 1264–65; *CTI-Container*, 685 F.2d at 1288.

3

## The stay is causing concrete prejudice by impairing the preservation of ESI and third-party evidence

The operative claims in this case are grounded in publications and coordination that occurred online, across multiple platforms, through accounts, devices, and communications that generate ESI and metadata. This evidence is inherently vulnerable to loss absent timely preservation steps.

Rule 37(e) specifically recognizes the problem: when ESI "that should have been preserved" is lost because a party failed to take reasonable steps to preserve it, courts may order measures to cure prejudice, and—upon intent to deprive—may order severe remedies. Fed. R. Civ. P. 37(e). The longer the case remains stayed, the more likely it is that critical ESI will be lost through routine deletion, account changes, device turnover, and platform operations, especially as to third-party custodians not yet on notice.

This prejudice is not speculative. Plaintiff has identified specific categories of ESI and third-party custodians that require prompt preservation subpoenas (including platform account records, publication metadata, access logs, drafts, DMs, and related communications). (Luthmann Decl. ¶¶ 8–11; Ex. B). The stay prevents Plaintiff from taking the steps necessary to minimize spoliation risk and to prevent later disputes over missing evidence.

## The stay also prejudices Plaintiff by risking that a later judgment becomes practically ineffectual

A civil judgment is only meaningful if it can be enforced. Further delay risks dissipation of assets and may render Defendant judgment-proof due to intervening litigation and enforcement actions. (Luthmann Decl. ¶¶ 12–13). While Plaintiff does not

4

seek asset restraints in this motion, the Court may consider the risk that prolonged delay can defeat the effective administration of justice when weighing the equities under *Landis*.

### Tailored relief is available and minimizes any burden on the Defendant

Plaintiff is not requesting unlimited immediate discovery. Plaintiff proposes a phased resumption designed to minimize burden and focus first on preservation:

- Prompt Rule 26(f) conference and updated scheduling order; and

- Alternatively, a narrow modification permitting limited preservation discovery (targeted Rule 45 subpoenas) for a defined window, followed by ordinary discovery.

Rule 45 contemplates subpoenas commanding production of "documents, electronically stored information, or tangible things," and provides mechanisms to minimize burden and protect third parties. Fed. R. Civ. P. 45(a)(1), (d). Plaintiff's intended subpoenas are time-bounded and topic-limited and can be structured for remote ESI production to reduce burden. (Luthmann Decl. ¶¶ 8–11; Ex. B).

### Conclusion

For the reasons stated, Plaintiff respectfully requests that the Court:

1. Lift the stay in full and restore this case to active status;

2. Resolve the pending motions in favor of the Plaintiff;

3. In the alternative, set a status/case-management conference at the Court's earliest convenience;

4. In the further alternative, direct the parties to confer under Rule 26(f) within fourteen (14) days of the order lifting the stay and to file an updated case management report consistent with Local Rule 3.02; and

5. In the further alternative, modify the stay to permit narrowly tailored preservation discovery, including limited Rule 45 subpoenas to third parties, for a defined period, to prevent spoliation.

Dated: April 3, 2026                              Respectfully submitted,

Richard Luthmann
Plaintiff, Pro Se
4199 Los Altos Court
Naples, FL 34109
(239) 631-5957
richard.luthmann@protonmail.com

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff certifies that beginning on March 23, 2026, he made a good faith effort to confer with Defendant's counsel prior to filing this Motion. No definitive response was received. The back-and-forth emails are attached as Exhibit C.

Richard Luthmann
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, I served a true and correct copy of the enclosed upon Defendant Danesh Noshirvan and his counsel of record by filing the same with the Clerk of Court of the Middle District of Florida, Fort Myers Division, who then by legal requirement uploaded the same to the Court's CM/ECF system, thus accomplishing proper delivery of the enclosed papers.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 3, 2026

Richard Luthmann
Plaintiff, Pro Se