IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

---

RICHARD LUTHMANN,

                         *Plaintiff,*

v.

DANESH NOSHIRVAN,

                     Defendant.

---

Case No. 2:25-cv-337-KCD-NPM

***PLAINTIFF'S OBJECTIONS
UNDER F.R.C.P. RULE 72***

## PLAINTIFF'S OBJECTIONS UNDER FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE'S APRIL 9, 2026 ENDORSED ORDER (DOC. 99)

Plaintiff, Richard Luthmann ("Plaintiff") (aka Richard A. Luthmann, Jr.), proceeding pro se, respectfully objects under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) to the Magistrate Judge's April 9, 2026 endorsed order (Doc. 99) denying without prejudice Plaintiff's Motion to Lift the Stay and Avoid Prejudice (Doc. 98) for purported noncompliance with Local Rule 3.01(g) and the Civil Action Order (Doc. 3).

### INTRODUCTION AND RELIEF REQUESTED

The Magistrate Judge's order denies Plaintiff's motion exclusively on Local Rule 3.01(g) conferral grounds. (ECF Doc. 99). Plaintiff asks the district judge to set aside that ruling as contrary to law (and, alternatively, clearly erroneous on the record presented), and to either:

    a. reinstate Doc. 98 for consideration on the merits; or

    b. in the alternative, direct a short, court-supervised Rule 3.01(g) conference by recorded videoconference (or in-person at the neutral Fort Myers courthouse location) and

permit Plaintiff to file a prompt supplemental certificate consistent with Local Rule 3.01(g)(3), after which Doc. 98 should be considered without requiring a complete refiling.

Pro se Plaintiff does not contend that Local Rule 3.01(g) is inapplicable. Rather, the record demonstrates substantial, good-faith compliance under circumstances that must be evaluated through the lens of a pro se litigant with documented impairments. See M.D. Fla. R. 3.01(g)(1)–(3). The Magistrate Judge's ruling improperly imposed a rigid, attorney-centric conferral standard that this Court has already rejected as inapplicable to non-lawyers. See Order, ECF Doc. 38 (M.D. Fla. July 15, 2025) (clarifying that pro se parties are not subject to attorney professionalism standards); *see also United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (law-of-the-case doctrine binds courts to prior rulings absent extraordinary circumstances). In doing so, the Court failed to account for Plaintiff's repeated written efforts to resolve the dispute and ignored the principle that pro se filings must be construed liberally and evaluated in context. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).

While pro se litigants must comply with procedural rules, those rules must be applied reasonably, not as a mechanism for procedural forfeiture when good-faith efforts are evident. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Moreover, the ruling fails to consider Plaintiff's documented cognitive and mental health limitations recognized in prior federal proceedings, which bear directly on his ability to engage in traditional, adversarial conferral formats.

Under these circumstances, denial of the motion on Local Rule 3.01(g) grounds was contrary to law and frustrates the Rule's purpose—to foster communication and resolution—not to create procedural traps or reward non-cooperation. See *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996).

## FACTS

Plaintiff Luthmann submits facts based on personal knowledge in the supporting declaration ("Luthmann Decl.") and is competent to testify to them.

Plaintiff Richard Luthmann proceeds pro se and submitted a declaration based on personal knowledge. On April 9, 2026, the Magistrate Judge denied without prejudice Luthmann's motion to lift the stay (ECF Doc. 99) solely for alleged noncompliance with Local Rule 3.01(g). Prior to filing, Luthmann made good-faith efforts to confer through written communications identifying the issue, seeking opposing positions, and requesting a conference. He understood defense counsel to require only unrecorded calls or an out-of-district in-person meeting, with no meaningful written engagement, and therefore pursued documented written conferral to avoid unverifiable disputes, particularly in light of Florida's two-party consent law. Luthmann also relied on the Court's prior order clarifying that pro se litigants are not subject to attorney-specific professionalism standards. Luthmann Decl. ¶¶ 1–7.

Luthmann's capacity to function as a legal actor has been the subject of detailed federal judicial findings. In *United States v. Luthmann*, a forensic mental health evaluation recognized that he suffers from significant mental health impairments—including bipolar disorder, substance abuse, and impaired judgment—that materially affect his reasoning, decision-making, and ability to conform to expected standards of legal conduct. Those

findings were expressly credited by the sentencing court and incorporated into its analysis of Luthmann's characteristics and functional abilities. Luthmann Decl. ¶¶ 8–9. As a result, Luthmann does not operate with the cognitive or interpersonal capacity of a trained, practicing attorney, particularly in adversarial, real-time settings.

These limitations are directly relevant here. The record reflects that Luthmann's impairments affect not only formal legal reasoning but also his ability to engage in basic interpersonal interactions, including those typically required for a Local Rule 3.01(g) meet-and-confer session. Luthmann Decl. ¶ 10. In this case, Luthmann proceeds pro se and reasonably relied on documented, written communications as a structured and verifiable means of conferral, consistent with his limitations. He further relied on this Court's prior ruling (ECF Doc. 38), which clarified that pro se litigants are not subject to attorney-specific professionalism standards and that such requirements must be applied practically rather than rigidly.

Against this backdrop, Luthmann contends that the Magistrate Judge's strict, attorney-centric application of Local Rule 3.01(g) failed to account for these established limitations and ignored controlling facts already recognized by a federal court and by this Court in this case. By evaluating his conduct as if he were a fully capable attorney engaging in traditional adversarial conferral, the ruling disregarded the practical realities of his condition and imposed a standard inconsistent with both the law of the case and the evidentiary record.

Luthmann further asserts that defense counsel, Nicholas Chiappetta, has engaged in a sustained pattern of bad-faith litigation conduct, including misrepresentation, obstruction of meaningful conferral, and calculated reliance on procedural technicalities to

block adjudication on the merits. Luthmann Decl. ¶¶ 11–15. This is not incidental—it reflects a deliberate strategy to avoid substantive engagement while manufacturing a record of supposed noncompliance for the sole purpose of invoking Local Rule 3.01(g) as a procedural bar. Despite Luthmann's repeated, detailed written efforts to identify issues, obtain positions, and resolve disputes, defense counsel declined to engage on the merits and instead pivoted to delay and technical objections. Luthmann contends this tactic inverts the purpose of Rule 3.01(g)—turning a rule designed to promote good-faith resolution into a mechanism for procedural ambush. The result is not compliance, but gamesmanship: substituting technical default for substantive adjudication, prolonging the case, increasing costs, and imposing prejudice while evading the very cooperative obligations the Rule is meant to enforce.

Chiappetta's conduct also falls short of the professionalism standards set forth in the Civil Action Order, including requirements of candor, civility, and good-faith cooperation. Luthmann asserts that despite his repeated substantive written conferral efforts, defense counsel declined to engage meaningfully, resulting in delay, increased motion practice, and prejudice. Luthmann Decl. ¶¶ 16–21.

The record reflects that Luthmann repeatedly attempted to confer in good faith through detailed, substantive written communications over an extended period, identifying specific issues, proposing resolutions, and inviting meaningful dialogue, all consistent with the purpose of Local Rule 3.01(g). Luthmann Decl. ¶¶ 22–26. Rather than reciprocate, defense counsel declined to engage on the merits, instead ignoring or deflecting those efforts while preserving a posture built on technical objections. Luthmann contends this is not mere non-cooperation but a deliberate dilatory tactic—one that replaces genuine

conferral with strategic silence, only to later invoke the absence of a preferred form of communication as a procedural defect. In doing so, defense counsel transforms Rule 3.01(g) from a tool of efficiency and dispute resolution into a mechanism for delay and obstruction. The result is a record shaped not by good-faith engagement, but by calculated avoidance, undermining the Rule's purpose and prejudicing Plaintiff by postponing adjudication on the merits in favor of procedural gamesmanship.

Finally, Luthmann asserts that, in light of defense counsel's prior statements, escalating rhetoric, and the complete breakdown of trust between the parties, an out-of-district, in-person conferral at counsel's private office was neither reasonable nor prudent under the circumstances. Luthmann Decl. ¶¶ 27–36. He contends that requiring such a meeting—particularly where counsel has refused meaningful written engagement and insisted on off-the-record communications—does not advance the purpose of Local Rule 3.01(g), but instead creates unnecessary risk, ambiguity, and potential for dispute over what was said. Luthmann further maintains that, based on the parties' course of dealing, any additional informal conferral efforts would be futile absent clear judicial direction, as prior attempts have consistently been met with non-engagement or procedural maneuvering. Nevertheless, Luthmann affirms his continued willingness to confer in good faith through a structured, verifiable process directed by the Court—such as videoconference or other documented means—that ensures accountability and clarity. He contends that the denial of his motion on conferral grounds has caused concrete prejudice by delaying adjudication on the merits, prolonging the case without justification, and increasing the risk of evidentiary loss, thereby frustrating the fair and efficient resolution of this action.

6

## STANDARD OF REVIEW

A magistrate judge's nondispositive order must be modified or set aside to the extent it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## RELEVANT GOVERNING RULES AND ORDERS

Local Rule 3.01(g) imposes a "duty to confer in good faith" before filing most motions, and requires a certificate stating that conferral occurred and explaining the "means by which the conference occurred." M.D. Fla. R. 3.01(g)(1)–(2). If the opposing party is unavailable before filing, Local Rule 3.01(g)(3) provides a post-filing diligence-and-supplement mechanism and warns that purposeful evasion can result in sanction. M.D. Fla. R. 3.01(g)(3).

The Civil Action Order (ECF Doc. 3) includes additional conferral language stating that for anything other than joint/unopposed motions, "confer" requires a substantive conversation in person, by telephone, or by videoconference and does not envision an exchange of ultimatums by email or letter. (ECF Doc. 3 at 6–7).

In this case, the Magistrate Judge previously clarified that the Civil Action Order should not be construed to impose lawyer-only professionalism standards on non-lawyer pro se parties. (ECF Doc. 38). Under the law-of-the-case doctrine, a court's earlier decided legal issues generally govern later stages of the same case absent narrow exceptions. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).

7

## OBJECTIONS

**A. The April 9, 2026 order is contrary to law because it imposes a counsel-centric conferral standard inconsistent with Local Rule 3.01(g) as applied to this pro se case and inconsistent with the law-of-the-case clarification in Doc. 38.**

The endorsed order (ECF Doc. 99) denies ECF Doc. 98 on the theory that Plaintiff's conferral efforts consisted of "nothing more than two emails" and therefore did not satisfy the Civil Action Order's description of "confer." (ECF Doc. 99).

Local Rule 3.01(g) itself does not define "confer" as requiring an in-person or telephonic conversation. It requires only a "good faith effort to resolve the motion," plus a certificate stating that the movant conferred and explaining the "means" of the conference. M.D. Fla. R. 3.01(g)(1)–(2). That text is consistent with the practical reality that conferral can occur through more than one communication method, so long as it is meaningful and aimed at resolution.

Applying the Civil Action Order's "not email" gloss as a rigid, dispositive gatekeeping rule against a pro se litigant is contrary to the law-of-the-case clarification entered in this case (ECF Doc. 38), which found it unreasonable to apply lawyer-only standards to pro se parties based on a hyper-literal reading of the Civil Action Order. (Doc. 38). Plaintiff is pro se (ECF Doc. 38), and pro se filings are ordinarily construed more leniently than filings drafted by attorneys, even though pro se litigants must still comply with procedural rules. *See, e.g., Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

Nothing in Local Rule 3.01(g) requires a pro se movant—particularly one who states that Florida's all-party-consent recording law constrains how the movant can create a reliable record of what was said—to accept only an off-record telephone call or an

adversary's preferred private-office meeting location as the only acceptable "conferral." See Fla. Stat. § 934.03(2)(d) (all-party consent).

When conferral foreseeably risks later factual disputes, a pro se litigant's attempt to confer in writing can be a good-faith effort to resolve the issue and create clarity.

**B. Alternatively, if the Court concludes conferral was incomplete, the proper remedy is to use Local Rule 3.01(g)(3)'s post-filing supplement mechanism rather than deny the underlying motion outright.**

Local Rule 3.01(g)(3) expressly addresses situations where the opposing party is "unavailable" before filing and provides a cure procedure: the movant must try diligently for three days after filing and then supplement the motion. M.D. Fla. R. 3.01(g)(3).

Here, to the extent defense counsel's position was that no substantive conferral could occur except through an unrecorded or in-person format that Plaintiff reasonably believes would create an unresolvable dispute over what was said—and where counsel refused to provide written confirmation of any discussion—defense counsel was effectively "unavailable" for a meaningful, confirmable conferral as Plaintiff could reasonably understand it. Under those circumstances, insisting on an in-person meeting at a private office outside the district risks converting a procedural requirement into an adversarial, unstructured confrontation—more akin to an "OK Corral" scenario than a good-faith effort to resolve disputes. That is not what Local Rule 3.01(g) contemplates. The Rule is designed to promote clarity, cooperation, and resolution, not to force parties into settings that invite ambiguity, escalation, or later factual disputes. Accordingly, where meaningful conferral is rendered impracticable by the opposing party's conditions, the appropriate remedy under the Rule is supplementation and continued diligence—not summary denial on conferral grounds.

*9*

Denial on conferral grounds in these circumstances elevates the conferral mechanism into a merits-barrier and risks turning Local Rule 3.01(g) into an instrument that rewards non-cooperation. That result is contrary to the purpose of Rule 3.01(g), which is to foster communication and narrow disputes before court involvement.

## REQUESTED RELIEF

For these reasons, Plaintiff respectfully requests that the Court:

a. SUSTAIN these objections;

b. SET ASIDE the April 9, 2026 endorsed order (Doc. 99) to the extent it denies Doc. 98 for failure to comply with Local Rule 3.01(g);

c. Either (i) reinstate Doc. 98 for merits consideration, or (ii) order a brief, structured Rule 3.01(g) conference (preferably by videoconference or at a neutral courthouse location) and permit Plaintiff to promptly file a Local Rule 3.01(g)(3) supplement, after which Doc. 98 should be considered on the merits; and

d. Such other and further relief as the Court shall deem just.

Dated: April 13, 2026                        Respectfully submitted,

_____
Richard Luthmann
Plaintiff, Pro Se
4199 Los Altos Court
Naples, FL 34109
(239) 631-5957
richard.luthmann@protonmail.com

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), conferral is only required for motions and not objections.

_____
Richard Luthmann
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I served a true and correct copy of the enclosed upon Defendant Danesh Noshirvan and his counsel of record by filing the same with the Clerk of Court of the Middle District of Florida, Fort Myers Division, who then by legal requirement uploaded the same to the Court's CM/ECF system, thus accomplishing proper delivery of the enclosed papers.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 13, 2026

Richard Luthmann
Plaintiff, Pro Se