**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

-----------------------------------------------------

**RICHARD LUTHMANN,**

                Plaintiff,

    v.

**DANESH NOSHIRVAN,**

              Defendant.

-----------------------------------------------------

Case No. 2:25-cv-337-KCD-NPM

**PLAINTIFF'S NOTICE OF
FILING**

**PLAINTIFF'S NOTICE OF FILING**

Plaintiff, Richard Luthmann ("Plaintiff") (aka Richard A. Luthmann, Jr.), proceeding pro se, files this Notice of Filing and states:

Plaintiff hereby files the attached email correspondence dated April 16, 2026, from Plaintiff to Defendant's counsel, Nicholas Chiappetta, concerning matters directly related to the conduct of this litigation.

The attached email is filed for the purpose of making a clear record of Plaintiff's position regarding: (1) Defendant's counsel's failure to confer in good faith as required by Local Rule 3.01(g), M.D. Fla. R. 3.01(g); and (2) Plaintiff's concerns regarding counsel's treatment of Plaintiff in a manner inconsistent with governing standards of professional conduct and civility as per the Local Rules, the Civil Action Order (and incorporated attorney standards), and the Rules of Professional Conduct.

Local Rule 3.01(g)(1) provides that, before filing most motions in a civil action, "the movant must confer with the opposing party in a good faith effort to resolve the motion." M.D. Fla. R. 3.01(g)(1). The Rule further requires a certification stating whether the parties agree and, if the motion is opposed, explaining the means by which the

1

conference occurred. M.D. Fla. R. 3.01(g)(2). The Rule also contemplates sanctions for purposeful evasion of communications. M.D. Fla. R. 3.01(g)(3). As Judge Dudek has explained in his published procedures, the term "confer" requires "a substantive conversation," and "[e]xchanges of ultimatums by e-mail or by letter do not satisfy the good-faith conference requirement." Judge Kyle C. Dudek, Civil Case Procedures § Motions, Local Rule 3.01(g), Middle District of Florida.

The Florida Rules of Professional Conduct likewise require that a lawyer make reasonable efforts to expedite litigation consistent with the interests of the client. R. Regulating Fla. Bar 4-3.2. A lawyer may not use means that have no substantial purpose other than to embarrass, delay, or burden a third person. R. Regulating Fla. Bar 4-4.4(a). And a lawyer may not "engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly,or through callous indifference, disparage, humiliate, or discriminate against . . . other lawyers" on a basis that includes disability. R. Regulating Fla. Bar 4-8.4(d).

In addition, Florida's professionalism standards expressly recognize that lawyers owe opposing parties and counsel fairness, integrity, and civility in written and oral communications. See Fla. Bar, Ideals and Goals of Professionalism, Oath of Admission ("To opposing parties and their counsel, I pledge fairness, integrity, and civility, not only in court, but also in all written and oral communications"); Fla. Bar Guidelines for Professional Conduct ¶ 7 (requiring sufficient notice and respect and courtesy to opposing counsel and affected persons).

The attached correspondence speaks for itself. Plaintiff files it so that the Court has a complete and accurate record of the parties' communications bearing on conferral, litigation conduct, and professionalism issues arising in this action.

Dated: Naples, Florida
        April 20, 2026

Respectfully submitted,

Richard Luthmann
Plaintiff, Pro Se
4199 Los Altos Court
Naples, FL 34109
(239) 631-5957
richard.luthmann@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I served a true and correct copy of the enclosed upon Defendant Danesh Noshirvan and his counsel of record by filing the same with the Clerk of Court of the Middle District of Florida, Fort Myers Division, by mailing the same to the Fort Myers federal courthouse is 2110 First Street, Fort Myers, FL 33901, and then Clerk of the Court then by legal requirement uploaded the same to the Court's CM/ECF system, thus accomplishing proper delivery of the enclosed papers.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 20, 2026

Richard Luthmann
Plaintiff, Pro Se

3

## Fw: Mama Noshirvan Gonna Get Deported? Activity in Case 2:25-cv-00337-KCD-NPM Luthmann v. Noshirvan Notice (Other)

From    Richard A Luthmann <richard.luthmann@protonmail.com>

To    Nicholas Chiappetta<nchiappetta@chiappettalegal.com>, Nick Chiappetta<nick@chiappettalegal.com>, Vicki Modaffari<vicki@chiappettalegal.com>, eservice Florida courts<service@chiappettalegal.com>, ptesq1@yahoo.com, Danesh<daneshnoshirvan@gmail.com>, ThatDanesh Guy<thatdaneshguy@gmail.com>, thatdaneshguy@yahoo.com, daneshnoshirvan@yahoo.com, hannahnoshirvan@gmail.com, marta.chiappetta@whitehouseblackmarket.com

CC    pt@ptesq.com<pt@PTESQ.COM>, hwgurland@duanemorris.com<HWGurland@duanemorris.com>, Jackson-Fannin, Julian A.<jjfannin@duanemorris.com>, Brian Henry<bhenry@rolfeshenry.com>, Sara Burns<sburns@rolfeshenry.com>, kdeglman@rolfeshenry.com, kmcclintock@rolfeshenry.com, tbrodsky@rolfeshenry.com, Scott Tozian<stozian@smithtozian.com>, Gwendolyn Daniel<gdaniel@smithtozian.com>, John O'Connor<joconnor@smithtozian.com>, Michelle Renke<mrenke@smithtozian.com>, ACAPIntake<acapintake@floridabar.org>, kjoseph@floridabar.org, lwilliams@floridabar.org, rberman@floridabar.org, cinf-ir@cinfin.com, media_inquiries@cinfin.com, steve_spray@cinfin.com, Frank Parlato<frankparlato@gmail.com>, Joey@YourDaddyJoey.news<joey@yourdaddyjoey.news>, Joseph A. Camp<joey@joeycamp2020.com>, Frankie Pressman<frankiepressman@protonmail.com>, Modern Thomas Nast<mthomasnast@protonmail.com>, Dick LaFontaine<RALafontaine@protonmail.com>, Rick LaRivière<RickLaRiviere@proton.me>, Michael Volpe<mvolpe998@gmail.com>, Cortney Kotzian<theomahaoracle@gmail.com>



Date    Thursday, April 16th, 2026 at 12:47 PM

Hey Nickless,

I love the filing (copied).

How is Danesh? And how is Akram aka "Helen"? How is the Ayatollah? Eh, he's not doing so well. The dead one and the one with ED. Well, I guess they both technically have ED now, don't they?

4/20/26, 10:02 AM                                          (7) Sent | richard.luthmann@protonmail.com | Proton Mail



As we speak, I am actively engaging with the political branches of government to advocate for the proper enforcement of federal immigration law. This conduct falls squarely within my rights as a private citizen under the First Amendment to the United States Constitution. The "extrajudicial activity" I referenced consists of lawful petitioning, political advocacy, and engagement with elected officials—activities that are not only permitted, but expressly protected.

The Eleventh Circuit has repeatedly recognized that core political speech and petitioning activity lie at the heart of First Amendment protections. *See* Keeton v. Anderson-Wiley, 664 F.3d 865, 872 (11th Cir. 2011) (noting that speech on matters of public concern occupies the "highest rung of the hierarchy of First Amendment values");

*see also* Gaines v. Wardynski, 871 F.3d 1203, 1208 (11th Cir. 2017) (affirming that speech addressing public issues is entitled to special protection).

Moreover, the right "to petition the Government for a redress of grievances" is independently safeguarded and extends to efforts to influence legislative and executive action. *See* Smith v. Ark. State Highway Employees, 441 U.S. 463, 464–65 (1979); *accord* Cate v. Oldham, 707 F.2d 1176, 1189 (11th Cir. 1983) (recognizing protection for efforts to influence public officials and governmental decision-making).

The Eleventh Circuit has also made clear that government actors may not penalize or chill individuals for engaging in such protected activity. *See* Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (holding that retaliatory conduct that would deter a person of ordinary firmness from exercising First Amendment rights is actionable).

Accordingly, my engagement with policymakers and public officials regarding immigration enforcement is constitutionally protected conduct. It is not improper, prohibited, or sanctionable "extrajudicial activity," but rather a lawful exercise of fundamental rights guaranteed by the Constitution and consistently upheld by binding Eleventh Circuit precedent.

I also thank you for ADMITTING that this matter AND the Noshirvan v. Couture et al. matter (1218 Case) squarely has a political component. I guess that your bullshit motion in limine to keep your client's political diatribes and allegiances out of the 1218 case (attached herewith) should be DENIED. You basically just said as much. Please explain to Danesh how this filing made the "irrelevant statements" about his Iranian Anchor Baby Status (and many other things) squarely relevant. Explain to him how you OPENED THE DOOR. Maybe he shouldn't pay this month's (fictional) hourly bill.

Attorneys, Press, CinFin (YOUR MARK), and the Florida Bar are all copied.

Please run back and file this with the email court as well. **Or else be prepared to explain why you didn't want a complete record**.

Also, I am concerned that your conduct reflects discrimination against me on the basis of my known mental disability. My mental impairments are not speculative or hidden; they have been matters of record and common knowledge, including in the Court's sentencing findings. *See* *Statement of Reasons*, United States v. Luthmann, No. 17-CR-664, at 1, 7–9 (E.D.N.Y. Oct. 15, 2019) (Weinstein, J.) (sealed) (finding, following a forensic mental-health evaluation, that Defendant suffered from longstanding mental-health issues affecting his conduct). The Court expressly recognized that my actions were "absurd, bizarre, and ruthless," and emphasized that existing psychiatric conditions impaired my functioning as a practicing attorney. *Id.* at 1, 7–9. I have physical, mental, emotional, and legal disabilities that preclude me from functioning at the level of an attorney, and in many cases, as a self-sustaining member of civil society. The Iranian Regime would have probably put me to death a long time ago.

Under Eleventh Circuit law, a disability includes a mental impairment that substantially limits major life activities, as well as a record of such an impairment or being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1); *see also* Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1226 (11th Cir. 1999). The

Eleventh Circuit has likewise recognized that discrimination includes adverse treatment tied to known physical or mental limitations, and that the law protects individuals from actions taken because of disability rather than on some genuinely neutral basis. *See* Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255–56 (11th Cir. 2007); Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255–56 (11th Cir. 2001).

In that light, any disparate treatment of me because of my confirmed mental disabilities raises serious concerns of unlawful disability-based bias. Such conduct is also inconsistent with the Florida Rules of Professional Conduct, which prohibit a lawyer from engaging in conduct that is prejudicial to the administration of justice or that manifests bias or prejudice based upon disability. *See* Fla. R. Prof'l Conduct 4-8.4(d), (g); *see also* Fla. R. Prof'l Conduct 4-3.4. At a minimum, the conduct at issue raises substantial concerns that these professional obligations have been violated.

So, are you taking advantage of me through my known disabilities? Why won't you accommodate me?

I hope we're still friends, Johnny Ringo.



If thought you weren't my friend
I just don't think I could bear it

Thank you for your attention to this matter!



Regards,

Richard Luthmann

P.S. - How are things in COLOMBIA? 🤣 🤣 🤣

Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**LINKTREE**
**Muck Rack Profile**
**Substack: This is For Real.**
**Editor-In-Chief: FLGulf.news**
**Editor-In-Chief: NYNewsPress.com**
**Editor-In-Chief: TheFamilyCourtCircus.com**
**Contributor: Frank Report**
**Contributor: Sun Bay Paper**
**Follow Me on Facebook X Instagram LinkedIn TRUTH Rumble Newsbreak SPOTIFY YouTube**

Sent with Proton Mail secure email.

------- Forwarded Message -------

From: cmecf_flmd_notification@flmd.uscourts.gov <cmecf_flmd_notification@flmd.uscourts.gov>

Date: On Thursday, April 16th, 2026 at 11:11 AM

Subject: Activity in Case 2:25-cv-00337-KCD-NPM Luthmann v. Noshirvan Notice (Other)

To: cmecf_flmd_notices@flmd.uscourts.gov <cmecf_flmd_notices@flmd.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Middle District of Florida

**Notice of Electronic Filing**

The following transaction was entered by Chiappetta, Nicholas on 4/16/2026 at 11:09 AM EDT and filed on 4/16/2026

**Case Name:**        Luthmann v. Noshirvan

**Case Number:**    2:25-cv-00337-KCD-NPM

**Filer:**                *Danesh Noshirvan*

**Document Number:** 101

**Docket Text:**
**NOTICE by Danesh Noshirvan *Notice of Filing* (Attachments: # (1) Exhibit Luthmann's 04/14/26 email)(Chiappetta, Nicholas)**

**2:25-cv-00337-KCD-NPM Notice has been electronically mailed to:**

Nicholas A. Chiappetta    nick@chiappettalegal.com

Richard Luthmann    richard.luthmann@protonmail.com

**2:25-cv-00337-KCD-NPM Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

***Document description:****Main Document*
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=4/16/2026] [FileNumber=27065023-0] [a0d0d8d0edcf254742961406e53328fc313dd6e09437c917dfc8379c93d700728b6ac33dcc6c57cd9eabc3c2f52d7be1d8986f0c46ebdc343063f3c8f67e479e]]
**Document description:**Exhibit Luthmann's 04/14/26 email
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=4/16/2026] [FileNumber=27065023-1] [1d39c9f0d962a954e3455ee5c671575801900e54a4e09f90e0f0bab1b1d51ddf4a78d2966715d8f640b3596ce2efd8ec232de7f0c7bf849c1169087e3783095c]]

**3.14 MB**   2 files attached   3 embedded images

75c3f10fb7141f562a835b79824e561b.gif 665.54 KB        Trump USA.jpg 74.75 KB

photo_2026-03-25_19-14-27 (2).jpg 279.55 KB      Danesh MIL - Irrelevant Statements.pdf 242.31 KB

4-16-2026 - Luthmann v. Terrorist - Notice of Filing.pdf 1.91 MB